IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-114-1-BO
No. 7:15-CV-40-BO

| | |
|---|---|
| TIMOTHY LAMONT MCMILLAN, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | **ORDER** |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also pending before the Court is petitioner's motion pursuant to Rule 32 of the Federal Rules of Criminal Procedure.

## BACKGROUND

Petitioner was sentenced on March 15, 2011, to 220 months' imprisonment after pleading guilty, pursuant to a written plea agreement, to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Petitioner did not notice a direct appeal. Petitioner filed the instant § 2255 motion on February 18, 2015, alleging that his trial counsel was ineffective in violation of his Sixth Amendment rights and that he is actually innocent of count two of the indictment. In a separate motion, petitioner challenges prior convictions that were included in his presentence report under Rule 32 of the Rules of Criminal Procedure.

**DISCUSSION**

I.   28 U.S.C. § 2255 Motion

A petitioner may file a motion under § 2255 within one year of the date on which his conviction became final. 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on the expiration of the time for seeking review of his conviction. *Clay v. United States*, 537 U.S. 522, 527 (2003); *United States v. Diallo*, 581 Fed. App'x 226, 227 (4th Cir. 2014) (unpublished) (where petitioner does not file a direct appeal, conviction became final at the expiration of the time for doing so). Petitioner's conviction therefore became final fourteen days after the date of entry of judgment, on or about March 28, 2011. Fed. R. App. P. 4(b)(1)(A). The instant § 2255 motion was filed well-beyond one year from that date and is therefore untimely under 28 U.S.C. § 2255(f)(1).

Petitioner contends that his motion to vacate is timely under § 2255(f)(4), which provides for a one-year limitations periods that begins on the date on which the facts supporting the claim could have been discovered through due diligence. 28 U.S.C. § 2255(f)(4). Petitioner contends that several legal decisions which have been issued since his conviction constitute new facts which support the timeliness of his petition. However, "[d]ecisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014)(en banc). Petitioner has pointed to no new *fact* which has been discovered which would support his claim, and his § 2255 motion remains untimely.

Petitioner has further failed to demonstrate that his motion is timely under the remaining provisions of 28 U.S.C. § 2255(f), nor has he demonstrated that equitable tolling of the

2

limitations period should apply. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (equitable tolling of limitations period available where petitioner demonstrates he has been pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his petition);*Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008) (equitable tolling of the one-year period of limitations governing § 2255 petitions is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (citation omitted). Therefore, because petitioner did not file his § 2255 motion within the limitations period, it must be dismissed as untimely.

II.  Rule 32 Motion

Rule 32(i) of the Federal Rules of Criminal Procedure provides a defendant with an opportunity to make an objection to the presentence report at any time before sentence is imposed. Fed. R. Crim. P. 32(i)(1)(D). As sentence has previously been imposed in this matter, petitioner's challenge to his presentence report under Rule 32 is untimely and must be denied.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find

this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 42] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 35 & 39] is DISMISSED. Petitioner's Rule 32 motion [DE 40] is DENIED. A certificate of appealability is also DENIED.

SO ORDERED, this 5 day of June, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4