IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-114-1-BO
No. 7:15-CV-40-BO

| | |
|---|---|
| TIMOTHY LAMONT MCMILLAN, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | **ORDER** |

This cause comes before the Court on petitioner's motion for reconsideration, styled as a motion pursuant to correction of the judicial records and the government's motion to the petitioner, as well as a response to the government's motion to dismiss. Petitioner seeks reconsideration of this Court's order and judgment entered on June 8, 2015, dismissing petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

Petitioner was sentenced on March 15, 2011, to 220 months' imprisonment after pleading guilty, pursuant to a written plea agreement, to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Petitioner did not notice a direct appeal. Petitioner filed a § 2255 motion on February 18, 2015, alleging that his trial counsel was ineffective in violation of his Sixth Amendment rights and that he is actually innocent of count two of the indictment. In a separate motion, petitioner challenged prior convictions that were included in his presentence report under Rule 32 of the Rules of Criminal Procedure. The Court

dismissed petitioner's motion to vacate as untimely under the provisions of 28 U.S.C. § 2255(f) and denied petitioner's Rule 32 motion. [DE 46].

## DISCUSSION

Because it was filed within twenty-eight days of the date of entry of judgment, the Court considers petitioner's motion as one pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e); *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996) (motion filed within the time provided by Rule 59(e) properly considered under that Rule). The decision to alter or amend a judgment is committed to the discretion of the district court, and the Fourth Circuit has recognized three bases for granting such a motion: when a court is shown (1) an intervening change in controlling law; (2) new evidence that was not available at trial; or (3) that the court has committed a clear error of law or manifest injustice. *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

Petitioner has pointed to no intervening change in controlling law, no new evidence, nor any basis upon which the Court could determine that it committed a clear error of law in dismissing petitioner's § 2255 motion as untimely. Rather, petitioner merely contends that the government did not address the merits of his claims in its motion to dismiss, and further argues that in other instances the government has waived its reliance on the statute of limitations defense. The government has not chosen to waive its reliance on the statute of limitations defense in this instance, and the Court finds no grounds upon which to reconsider or alter or amend its earlier judgment.

2

## CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration [DE 48] is DENIED.

SO ORDERED, this ___9___ day of July, 2015.

                                                        TERRENCE W. BOYLE
                                                        UNITED STATES DISTRICT JUDGE