IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-114-1-BO
No. 7:15-CV-40-BO

TIMOTHY LAMONT MCMILLAN,  )
    Petitioner,  )
      )    O R D E R
v.  )
      )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This cause comes before the Court on petitioner's motions under 18 U.S.C. § 3582(c) [DE 82] and Rule 60(b) of the Federal Rules of Civil Procedure. [DE 86]. The government has responded, [DE 88] and the matters are ripe for disposition. For the reasons discussed below, petitioner's motions are denied.

## BACKGROUND

Petitioner was sentenced on March 15, 2011, to 220 months' imprisonment after pleading guilty, pursuant to a written plea agreement, to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Petitioner did not notice a direct appeal. Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on March 10, 2015. That motion was dismissed on June 5, 2015, as was a separate motion for relief petitioner also filed. Petitioner appealed the dismissal, which the Fourth Circuit affirmed on November 24, 2015. Petitioner moved for a reduction pursuant to 18 U.S.C. § 3582(c) on September 9, 2016. A hearing was held on November 23, 2016, and petitioner's motion was denied because he did not qualify for relief. Petitioner has now moved again for a § 3582(c) reduction, and has moved for relief pursuant to Federal Rule of Civil Procedure 60(b),

alleging the Court lacked jurisdiction over his prosecution and conviction. The Government has responded in opposition.

## DISCUSSION

Petitioner has moved for relief pursuant to § 3582(c) and United States Sentencing Guidelines Amendment 794. Once a term of imprisonment has been imposed, a sentencing court's ability to modify it is limited. 18 U.S.C. § 3582(b), (c). But when the Sentencing Commission later lowered a particular defendant's sentencing range, and then makes that particular change retroactive, the court may grant relief. *United States v. Dunphy*, 551 F.3d 247, 250 (4th Cir. 2009). Here, defendant has moved pursuant to an amendment, but not one that was made retroactive by the Sentencing Commission. U.S.S.G. § 1B1.10(d). Therefore, Amendment 794 cannot form the basis of a § 3582(c) motion.

Next, petitioner moved for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) motions are cognizable in this context when they attack defects in the prior § 2255 proceedings, as opposed to the underlying criminal case. Here, though styled as a motion under Rule 60(b), petitioner's motion primarily seeks the relief that would be granted by a successful motion under § 2255. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) ("[A Rule 60] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence.") Petitioner alleges the court lacked jurisdiction over his criminal prosecution and sentence. He is attacking the underlying criminal case. Accordingly, his motion is properly treated as a successive § 2255 motion. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence ... or a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent prefiling authorization from the Fourth Circuit, this Court does not have jurisdiction to hear a successive § 2255 motion. *Winestock*, 340 F.3d at 205. Petitioner's motion is denied.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of the instant motions debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motions [DE 82; 86] are DENIED.

SO ORDERED, this 24 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE